DECISION
Defendant-appellant, Rodney L. Brunston, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of the murder of Wallace Brown ("Wally"). Appellant testified that, on May 4, 1998, appellant was sitting on his back porch drinking beer with Rose Marshall, which his roommate, Wally, was inside their apartment. Around 12:15 a.m., on May 5, 1998, appellant walked Rose home and met Victor on the way. Appellant and Victor stopped for a beer at the house of a friend of Victor's. On the trip home, appellant testified that some men threatened him and, when appellant arrived home, he awakened Wally and told him what had happened. Wally responded that they should have killed him. Appellant testified that Wally was angry because he believed that appellant and Rose were having a relationship.
Appellant stated that Wally threw a shoe at him and hit him with a metal pipe and they struggled. Appellant testified he ran into the kitchen and attempted to run out the back door but Wally caught him before he could unlock the locks. He and Wally continued to struggle. Appellant grabbed a knife in an attempt to force Wally to leave or to let him leave; however, since Wally was about to strike him again, he stabbed Wally. The coroner testified that Wally died from a stab wound to the heart which caused bleeding into the chest cavity, resulting in his death.
Appellant waived his right to a jury trial and was found guilty of murder by the court. Appellant raises the following assignments of error:
 1. The failure of the trial court to find that appellant acted in self-defense, and, therefor [sic], is not guilty of murder, is against the manifest weight of the evidence.
 2. The trial court's decision and judgment finding appellant guilty of murder are against the manifest weight of the evidence.
 3. The trial court erroneously denied appellant's motion to suppress the entire contents of a box of toys and a knife, which was contained therein, (State's Exhibits B and C), thereby admitting and considering material evidence obtained in violation of appellant's constitutional right to be secure against unreasonable searches and seizures.
The first two assignments of error are related and shall be addressed together. Appellant contends that the judgment is against the manifest weight of the evidence and that the trial court should have found appellant acted in self-defense and was not guilty of murder. The test for whether a judgment is against the manifest weight of the evidence involves a limited weighing of the evidence by the court to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437). In State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, the Supreme Court of Ohio described the standard of review, as follows:
 *** Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on the weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594.
In this case, appellant admitted that he stabbed Wally, however, he claimed it was an act of self-defense. The first witness to testify was Stephanie Saunders, the neighbor who lived directly above appellant and Wally. Stephanie testified that she was awakened by a loud noise which she thought sounded like somebody falling. She heard Wally breathing hard, almost gasping. Then she heard Wally say, "Stop. Please stop. Don't do this." (Tr. Vol. I, 18.) Wally also said Rodney's name. Then she heard running towards the kitchen. She heard noise such as wrestling or bumping on the floor and then silence. Stephanie also testified that appellant had previously told her that he had threatened Wally.
The second witness to testify was Delores Kelly, who stated that she lived in the same apartment building as appellant and Wally. At approximately 3:00 a.m., appellant telephoned her and yelled at her that someone stabbed Wally. She went downstairs and it seemed as if it took appellant a long time to answer the door after she knocked.
Several police officers testified that appellant initially told police officers that he did not see who had stabbed Wally because he was in the bathroom. Then appellant told police that a tall black man in dark clothing had stabbed Wally. Finally, at the police station, appellant told the officers that he had stabbed Wally in self-defense.
Appellant testified that he was taking anger-management classes. Appellant also stated that he had hidden a block of knives in the kitchen cabinet, but did not remember hiding the knife which he had used to stab Wally. Although appellant testified that he had no intent to kill Wally and he had feared for his life, the trial court did not find appellant credible. The trial court did not believe that appellant was hit with the steel bar since the photograph demonstrated only a superficial cut. The trial court also did not believe appellant's version that the knife struck Wally as Wally was attacking him because of the nature of Wally's wound. The trial court did not believe that appellant tried to retreat but could not get the doors unlocked in time because, after he was stabbed, Wally fell against the open door. Lastly, the trial court did not believe that appellant feared for his life because appellant admitted that Wally had a knife but threw it into the sink. Given the inconsistencies in appellant's stories, the trial court did not find appellant credible. Such determinations of credibility and weight to be given to the evidence are for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Given this testimony, there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. Appellant's first and second assignments of error are not well-taken.
By the third assignment of error, appellant contends that the trial court erred in denying his motion to suppress the entire contents of a box of toys and a knife, which was contained therein (State's Exhibits B and C), thereby admitting and considering evidence obtained in violation of appellant's constitutional right to be secure against unreasonable searches and seizures. The assignment of error concerns a box of toys that belonged to Tyler, Wally and appellant's godson, who often stayed with them. Wally's sister, Lisa Brown, who is employed as a Columbus police officer, entered the apartment thirty to sixty days after Wally's death to gather some personal effects for her mother. She found the box of toys and gave it to Delores Kelly for her to give to Rose Marshall, who is Tyler's grandmother. Delores put the box in her basement. In July, she gave the box to Rose, who found a knife hidden inside the box. A passing police cruiser was stopped and the knife was given to the officer. Appellant admitted that the knife found in the box was the weapon he used to stab Wally.
Appellant made a motion in open court to suppress the box, the knife and pictures of the box. (State's Exhibits B, C, P-60 to 63.) Appellant contended that, since Lisa Brown is a police officer, she could not enter the apartment without a search warrant. The trial court overruled the motion and appellant contends that it was error to do so; however, appellant admitted stabbing Wally. Given appellant's admission, there was no prejudice in admitting the exhibits. Appellant's third assignment of error is not well-taken.
For the forgoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.